## Henry Fulmer et al., Plffs. in Err. *v.* George Leibert.

The consummation of negotiations for the sale and purchase of land by a question in behalf of purchasers: "Will you take our check for $12,000?" and the vendor answering, "I will;" and the delivery by him of a deed of the property without the exaction of any kind of promise for the payment of a further sum,—constitute conclusive evidence that the vendor did not expect any further payment.

Under such circumstances the facts that the vendor entertained a secret purpose to demand a further sum in the future, and subsequently made a charge of the same against the purchasers, in his own books, unless communicated to the purchasers and assented to by them, cannot render them liable for such amount.

(Decided April 5, 1886.)

Error to the Common Pleas of Northampton County to review a judgment for plaintiff in an action upon the case. Reversed.

Fulmer and Wagener entered into negotiations with Leibert for the purchase of his farm situated in Plainfield township. Leibert offered to sell for $12,972.77. After considerable talk and the submission of several propositions, all of which were rejected, he agreed to take the sum of $12,000 as the price of the farm, and the papers were accordingly executed. Subsequently he demanded the further sum of $932.77 from the vendees, claiming that they had agreed to pay such sum. They refused to comply with his demand, and he brought this action to recover the amount.

Verdict and judgment having passed in his favor the defendants brought eror.

Other facts appear in the opinion.

*B. F. Fackenthall* for plaintiffs in error.

*J. C. Merrill* for defendant in error.

OPINION BY MR. JUSTICE GREEN:

We find it impossible to reconcile the testimony of the plaintiff with any theory of a continuing liability, on the part of the defendants to pay any further sum than the $12,000 which he received when he delivered the deed.

Granting all that is claimed for the testimony of the plaintiff as to what occurred when he first met the defendants, and on the day when Heller was present, it is too plain for argument that the bargaining was not closed then nor closed at all, until just before the deed was delivered at the last interview. Heller was not then present. Leibert himself says that they had been discussing the question of his taking some bank stock in part payment and other matters all day, and until nearly 10 o'clock at night, and then concludes his account of the transaction thus:

And then they said: Now Leibert you done so well, you would never have sold it if it had not been for us, and you ought to make us a present of this $1,000; and when they found that I would not accept the bank stock and would not accept that, then they said: "You wipe off this $972.77," and I refused to accept that; and it was going on to 10 o'clock already, and I was tired of this thing; and then the question came up again about what I was to give the boys and then they said I ought to wipe off this $972, and then Fulmer said: "Leibert, if you don't do

something you won't get out of this town this week;"and I was tired of it already, and I was on a study and it was going on 11 o'clock or hard on 10, and it seemed they got tired, and I did not know what mischief the boys made me, what was agreed between them and the boys, what mischief they made, and I was on a study what to do and I was anxious to get home. I had some arrangements made on the strength of this money, and wanted to get home; and finally they seemed to be tired as well as I, and all at once Mr. Wagener jumped up and said: "Leibert, will you take our check for $12,000 ?" and he pointed to the papers, and I said: "I will," and they drawed the check for $12,000, and I took the check, and after I had the check in my possession I reached for my bills and paper what Squire Heller made for me, and Mr. Fulmer grabbed them and wiped them back and said·all the papers belonged to them, and I said: "Them bills belong to me," and he said "No, all the papers belong to us," and I begged him just to let me see them to take a memorandum of it, and I took my memorandum book out of my pocket, but he would not let me do it.

*Q.* Did you agree there to throw off this $972 ?

*A.* Well, I took my checks and we closed.

*Q.* You delivered the deed then ?

*A.* Yes, I gave them the deed, all the papers; they had all the papers; I had nothing but the checks for $12,000 ; and we closed the meeting and Mr. Wagener and I went off home, and that was the last of it for that night.

He does not allege that anything whatever was said about the defendants paying him any more money or giving him any kind of security or obligation for anything in addition to the $12,000. He did not ask for even a verbal promise to pay him anything further at any time; and he delivered the deed and other papers to the purchasers with not even a suggestion that they were to do anything more to complete their title.

Moreover, the character of the discussion which immediately preceded Mr. Wagener's offer precludes the idea that the parties could have intended the payment of the odd sum above $12,-000 because the discharge of that sum was the very thing they were bargaining about. When Mr. Wagener asked Leibert if he would take a check for $12,000, it is not possible to infer that he thereby intended to pay, not only that sum but a further sum of $932.77 in addition. It was a manifest offer to pay in cash

a gross sum of $12,000 in full of the whole amount of purchase money yet to be paid. Any other inference is so grossly absurd that it cannot be adopted.

The plaintiff says he made an entry in his book the next day of the balance due, $972.77. He is probably mistaken as to the time this was done, but, however that may be, it is entirely immaterial, since the defendants were not parties to it and were not even informed of it. He delivered the deed upon receiving the amount offered without exacting any kind of promise to pay anything further; and this fact, there being no contrary testimony, is conclusive evidence that he did not expect any further payment to be made.

He also testified that the defendants delivered to him the deed for the Hellerville property at the same time he delivered the deed for his property to them.

This closed the transaction, and we are entirely unable to discover any legitimate ground for an inference that it was the understanding of the parties that any further sum was to be paid by the defendants. Even if the plaintiff did entertain a secret purpose to demand a further sum in the future, such purpose could not constitute part of the contract of the defendants unless communicated, and assented to by them.

Judgment reversed and new *venire* awarded.